IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTTO G. GIBBS, | : |
| Petitioner, | : |
| v. | : C.A. No. 13-455-LPS |
| PHIL MORGAN, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.    BACKGROUND**

Presently pending before the Court is Petitioner Otto G. Gibbs' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 1) On June 20, 2011, Petitioner was on probation for his 1997 conviction for second degree unlawful intercourse when he was arrested for failing to properly register as a sex offender. (D.I. 1; *see also Gibbs v. Carroll*, 2004 WL 1376588 (D. Del. June 17, 2004); *Gibbs v. Morgan*, 2015 WL 5319819 (D. Del. Sept. 14, 2015)) On October 11, 2011, Petitioner pled guilty to failing to register as a sex offender and was immediately sentenced to sixty days of incarceration. (D.I. 1 at 54)

Petitioner filed the instant Petition in 2013. Although not entirely clear, Petitioner appears to contend that the Delaware Superior Court violated his right to counsel by refusing to appoint an attorney to represent him during his December 20, 2010 sex offender tier assessment hearing. (D.I. 1 at 18) Petitioner appears to assert that Del. Code Ann. tit. 11, § 4120 created a liberty interest in having representation during a sex offender tier assessment hearing, and, therefore, the Superior Court's refusal to appoint counsel violated his due process rights. *Id.* Petitioner also asserts that the application of Del. Code Ann. tit. 11, § 4120 to his case violates the Ex Post Facto Clause and the

Double Jeopardy Clause. (D.I. 1 at 19)

## II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court has jurisdiction over a habeas petition filed on behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

## III. DISCUSSION

To the extent Petitioner asserts that his sex offender tier hearing and his designation as a Tier III sex offender pursuant to § 4120 violated the Ex Post Facto Clause, and his right to be protected against Double Jeopardy, the Court notes that it has already considered and denied this identical argument in another habeas petition filed by Petitioner.[1] *See Gibbs*, 2015 WL 5319819 at *3-*4. Therefore, the Court will not address this repetitive argument here.

As for Petitioner's contention that the Superior Court violated his Due Process rights by denying his motion for the appointment of counsel during his December 2010 sex offender tier assessment hearing, the Court concludes that summary dismissal of this argument is appropriate.[2]

---

[1]This first argument does not constitute an unauthorized second or successive habeas claim because Petitioner asserted it in the instant proceeding while his other habeas case was still pending before the Court. Petitioner is a frequent filer in both this Court and the Delaware State Court system, and he often asserts repetitive and/or overlapping grounds for relief, making it difficult to discern his exact grounds for relief. The Court has made every effort to ensure that it has properly identified Petitioner's claims.

[2]In his other habeas proceeding before the Court, Petitioner contended that the alleged unconstitutional denial of representation during his 2010 Tier III designation hearing provided cause

The Due Process Clause of the Fourteenth Amendment protects certain fundamental rights.[3] *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). The first step in analyzing if a prisoner's Due Process rights have been violated is determining if the prisoner has been deprived of an existing liberty or property interest. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). If the prisoner has been deprived of a liberty interest, then the Court must engage in a further inquiry to determine if the procedures followed by the State were constitutionally sufficient. *See Swarthout*, 562 U.S. at 219.

The Court has not found any Supreme Court case holding that a convicted sex offender has a liberty interest in being represented by counsel during a sex offender tier assessment hearing, and Delaware has not created a statutory right to counsel in such proceedings. Consequently, Petitioner did not have a liberty interest in being represented by counsel during his December 2010 tier

---

for his procedural default of his substantive argument regarding the violation of the Due Process, Ex Post Facto, and Double Jeopardy Clauses that occurred during his sex offender tier assessment hearing. *See Gibbs*, 2015 WL 5319819, at *4. The Court rejected Petitioner's argument as meritless and held that the absence of representation during Petitioner's 2010 Tier III designation hearing did not constitute cause for the default of his substantive claim. *Id.* Because Petitioner has asserted the instant denial of representation claim as an independent argument and not as a method to avoid a procedural default, the Court will address it here.

[3]Petitioner does not appear to assert that his right to counsel during his sex offender tier assessment hearing originates from the Sixth Amendment. Nevertheless, even if the Court were to liberally construe his Petition as asserting this argument, it is unavailing. The Sixth Amendment of the United States Constitution and Article I Section 7 of the Delaware Constitution provide a right to counsel for indigent criminal defendants. However, in Delaware, sex offender tier assessment hearings and registration requirements are not punitive in nature and are not considered to be part of a criminal proceeding. *See Helman v. State*, 784 A.2d 1058, 1066 (Del. 2001) (a defendant's tier level assignment is based solely on the statute, which prohibits the state court from exercising any discretion in assessing a defendant's risk). Therefore, the Sixth Amendment right to counsel is not implicated during a sex offender tier assessment hearing in Delaware.

assessment hearing. *See, e.g., Wilkerson v. State*, 897 A.2d 768 (Table), 2006 WL 822733, at *2 (Del. Mar. 28, 2006) ("[T]his Court has previously ruled that this 'compulsory approach' to sex offender registration and community notification does not implicate any state or federal constitutional liberty or privacy interest and does not constitute a violation of either due process or equal protection."). As such, the Superior Court's denial of Petitioner's request for counsel during his sex offender tier assessment hearing did not implicate the Due Process Clause.

Based on the foregoing, Petitioner's instant complaint about the Superior Court's denial of his motion for the appointment of counsel constitutes a challenge to the Delaware Superior Court's interpretation and application of Delaware law. It is well-settled that state law errors do not present issues cognizable on Federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, the Court concludes that it lacks jurisdiction over the Petition.

### IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: March 31, 2017

                                                UNITED STATES DISTRICT JUDGE